**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50041 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00256-SJO |
| v. | |
| JORGE ENRIQUE CAMPANA-BARRAZA, a.k.a. Eric, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Jorge Enrique Campana-Barraza appeals from the district court's judgment

and challenges the 188-month sentence and five-year term of supervised release

imposed following his jury-trial conviction for conspiracy to distribute and to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846; and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Campana-Barraza contends that the district court procedurally erred by failing to consider all of the 18 U.S.C. § 3553(a) sentencing factors and by failing to explain why a supervised release term was warranted given his deportable alien status. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The district court listened to the mitigating arguments, considered the section 3553(a) factors, and adequately explained the sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Furthermore, the five-year supervised release term was the statutory mandatory minimum. *See* 21 U.S.C. § 841(b)(1)(A); U.S.S.G. § 5D1.1.

Campana-Barraza next contends that the district court abused its discretion by imposing a substantively unreasonable sentence. Campana-Barraza's sentence at the bottom of the Guidelines range is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**